IN THE UNITED STATES DISTRICT COURT

FOR THE FIRST CIRCUIT

RAFAEL VERDEJO RUIZ, §

    Petitioner      §

   v.           §  Case No.:

GENERAL DARRYL W. BURKE, AND OR §

GENERAL JAMES S. BROWNE, BOTH IN §

OFFICIAL CAPACITY, §

    Respondents.     §

28 USC §1331 MOTION FEDERAL QUESTION - JURISDICTION

NON-BIVENS CLAIMS

Petitioner hereby requests a §1331 writ as a Non-Bivens Claim seeking relief from this Court as to his Constitutional Rights that have been deprived to him. Petitioner's claims arise from the Constitution and laws of the United States. Petitioner raises Federal Questions of Jurisdiction.

**FEDERAL QUESTION - JURISDICTION**

**1.**

AS APPLIED TO PETITIONER, WAS PETITIONER TRIED WITHOUT JURISDICTION PAST 120 DAYS BY IMPROPER EXCLUSION OF TIME FROM SPEEDY TRIAL CLOCK AND LACKING PROPER NOTICE IN VIOLATION OF ARTICLE 10, UCMJ, RULES OF COURTS-MARTIAL 707, AND THE 6TH AMENDMENT OF THE UNITED STATES CONSTITUTION?

**2.**

AS APPLIED TO PETITIONER, IS PETITIONER'S DISHONORABLE DISCHARGE EXECUTED WITHOUT JURISDICTION BY BEING PREMATURELY DONE DUE TO PETITIONER'S APPEALS NOT BEING CONCLUDED IN VIOLATION OF ARTICLE 71 OF THE UNIFORM CODE OF MILITARY JUSTICE AND DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION?

**3.**

AS APPLIED TO PETITIONER, ARE PETITIONER'S APPELLATE REVIEWS ILLEGAL AND WITHOUT JURISDICTION IN VIOLATION OF ARTICLES 66, 67, 70, 71, AND 76 OF THE UNIFORM CODE OF MILITARY JUSTICE, IN VIOLATION OF COURT OF APPEALS FOR THE ARMED FORCES RULES 19(b) AND 34, AND IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION?

**4.**

AS APPLIED TO PETITIONER, WAS PETITIONER DENIED HIS RIGHT TO A FULL AND FAIR APPELLATE REVIEW IN VIOLATION OF ARTICLES 66, 67, 70, 71, AND 76 OF THE UNIFORM CODE OF MILITARY JUSTICE? DID THIS VIOLATE HIS RIGHT TO TEST THE LEGALITY OF DETENTION IN VIOLATION OF THE UNITED STATES CONSTITUTION, 6TH AMENDMENT, DUE PROCESS?

**5.**

AS APPLIED TO PETITIONER, DO THE FEDERAL COURTS HAVE AN OBLIGATION TO ENTERTAIN PETITIONER'S CONSTITUTIONAL CLAIMS VIA HABEAS CORPUS IF HE DID NOT RECEIVE A MEANINGFUL OPPORTUNITY TO TEST THE LEGALITY OF DETENTION IN VIOLATION OF THE SUSPENSION CLAUSE OF THE UNITED STATES CONSTITUTION? WAS PETITIONER DENIED HIS RIGHT?

### FACTS AND HISTORY

Petitioner was "preferred charges" on 12 October 2010. At that point the Speedy trial Clock began. Defense Counsel moved to have the "Article 32 hearing" date moved 30 days because of other cases **unrelated** to Petitioner. The Government requested the 30-day time be excluded from the speedy trial clock. On 18 October 2010, the Article 32 Investigating Officer improperly **GRANTED** the exclusion of time.

By order of General James S. Browne, investigation, referral of charges and trial was done. Petitioner's trial was conducted at Tyndall Air Force Base, Florida on February 22, 2011 past the 120 days allowed by Congress. The trial could not be conducted past this 120 days.

In July 2013 the Air Force Court of Appeals (AFCCA) conducted a illegal appeal in violation of the Appointments Clause of the United States Constitution. This is undisputed. In 2014 due to the 2013 illegal appeal, the AFCCA conducted a reconsideration past the statutory and jurisdictional time allowed.

In April 2015, Petitioner was improperly and prematurely dishonorably discharged from service via order of General Darryl W. Burke in violation of Article 71, UCMJ, 10 USC §871.

In 2016 Petitioner moved in the military courts via a writ of habeas corpus. Petitioner was denied review for lack of jurisdiction (due to the separation from service in 2015). On or about 2018, Petitioner moved for writ of habeas corpus at the 5th Circuit. Petitioner was denied review for failure to exhaust in the military courts. In 2021 Petitioner attempted to exhaust by submitting a writ once more to the military courts which was also denied for lack of jurisdiction. Petitioner then in 2021 once more sought to have a habeas review at the 5th circuit, which, the 5th circuit denied for nonexhaustion and abuse of the writ.

Petitioner now moves in this Court seeking his Statutory and Constitutional Rights.

The Federal Questions presented for review are not the same as the claims in his 5th Circuit habeas corpus petitions (Petitioner's lack of jurisdiction claim was construed as something other than what Petitioner asserted[1]).

## JURISDICTION OF THIS COURT

The basic statutory grant of federal-court subject-matter jurisdiction are contained in 28 USC §1331 and 1332. A plaintiff properly invokes §1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. See Bell v. Hood, 327 US 678, 681-685, 66 S. Ct. 773, 90 L. Ed 939 (1946).

This Circuit has made clear that the civilian court in this Circuit is the **front line** of Constitutional litigation, more suited than the military tribunals. See Moyland v. Laird, 305 F. Supp. 551 (U.S. Dist. Ct. 1st Cir., Oct. 20, 1969). It states:

> "The application of the language of the Court in Noyd to that situation where the petitioner alleges that the assertion of jurisdiction by the military is unconstitutional mandates the conclusion that exhaustion is not required. The federal district courts are the front lines of Constitutional litigation, more suited to decision-making in the Constitutional area than any of the various federal agencies or the military tribunals...The wrong claimed by petitioner goes over the very power of the military over him as a Constitutional matter. This Court, therefore, concludes that exhaustion of intra-military criminal processes is not prerequisite to a federal equity proceeding by a member of the military who alleges that a court martial convened to try him is without jurisdiction as a Constitutional matter pursuant to the principles of O'Callahan v. Parker, 395 US 258, 89 S. Ct. 1683, 23 L. Ed 2d 291 (1969)."

Subject-matter jurisdiction involves a court's power to hear a case, can never be forfeited or waived." See United States v. Cotton, 535 US 625, 630, 122 S. Ct. 1781, 152 L. Ed 2d 860 (2002).

Lack of jurisdiction can be raised at anytime and anywhere.

---

[1]   Petitioner's lack of jurisdiction arguments were construed as being that Petitioner argued about the length of time it took to conduct the first appeal and then the amount of time to conduct the reconsideration. Petitioner objected to this interpretation. Petitioner argues about the legality of conducting the reconsideration past the statutory and jurisdictional time allowed by Congress as will be addressed in this writ.

3

## FACTS AND SUPPORT ARGUMENTS TO HIS FEDERAL QUESTIONS

**1.**

AS APPLIED TO PETITIONER, WAS PETITIONER TRIED WITHOUT JURISDICTION PAST 120 DAYS BY IMPROPER EXCLUSION OF TIME FROM SPEEDY TRIAL CLOCK AND LACKING PROPER NOTICE IN VIOLATION OF ARTICLE 10, UCMJ, RULES OF COURTS-MARTIAL 707, AND THE 6TH AMENDMENT OF THE UNITED STATES CONSTITUTION?

Petitioner was preferred charges on 12 October 2010. At that time the Speedy Trial Clock began. In accordance with Rules of Courts-Martial 707 (RCM 707), a rule approved by Congress and jurisdictional, a military member cannot be tried past 120 days. Petitioner was tried by Courts-Martial on 22 February 2011, past the 120 day "bright-line" rule that precludes trial.

In violation of RCM 707, the Article 32 officer granted an exclusion of 30 days from the speedy trial clock[2]. In accordance with RCM 707, any trial delays can only be approved and are at the **sole discretion** of the Convening Authority or Trial Judge. In accordance with this same rule, any delays must be in writting and with specified reasons. The Convening Authority can delegate Article 32 hearing delays to the Article 32 officer. As stated, trial delays cannot be delegated and are the "sole discretion" and duty of the Convening Authority or Trial Judge. The Article 32 officer did not have the power by any means to exclude time from the speedy trial clock.

General James S. Browne is the Convening Authority officer that referred charges to Courts-Martial. Gen. Browne did not approve any trial delays, instead, **recommended** 30 days be excluded from the trial clock[3]. Gen. Browne failed to perform his duty by not denying or approving the speedy trial clock exclusion of time.

Petitioner was deprived of his rights in violation of Article 10 of the Uniform Code of Military Justice, 10 USC §810, and the 6th Amendment of the United States Constitution.

Further, even if the Article 32 officer had authority to exclude time from the speedy trial clock, 27 days from the 30 days excluded were unrelated to Petitioner's case. They were excluded because Petitioner's defense counsel was unavailable because they had been assigned to other cases unrelated to

---

[2]  The goverment requested the 30 day exclusion of time from the speedy trial clock.

[3]  After the Article 32 officer already granted the exclusion of time.

4

Petitioner's case and duties during this 120 day period.

In other words, the military assigned Petitioner military defense counsel and assigned other cases to his counsel, yet, attribute the delay to Petitioner instead of the government. That is abuse of discretion.

This violation caused the Court and Petitioner to be misled to believe the trial proceeded timely (via the illegal or improper exclusion of time by the Article 32 officer). Gen. Browne's "recommendation" to exclude time and improper delegation of authority caused Petitioner to be misled in believing the trial proceeded timely. The excluded time should never have been attributed to Petitioner as it related to cases assigned to his counsel by the government, which, caused his counsel to only be available 3 days of the 30 day period. Petitioner was misled. Otherwise Petitioner could have invoked his right to refuse Courts-Martial for violating the 120 Days. Due to being tried past 120 days, Petitioner's witness became unavailable due to leaving the country for family emergency. Counsel informed Petitioner to agree to a stipulation of fact as to what the witness would have testified of or have no witness at all (the trial judge downplayed the stipulation of fact by instructing the jury that they could disbelieve the witness for not being present). Petitioner requested trial as quickly as possible to his trial counsel, effectively requesting speedy trial.

Petitioner has not waived or forfeited this Article 10/RCM 707/6th Amendment right. Petitioner was neither properly informed of the untimeliness of trial nor did he sign any waiver[4]. Further, any waiver/forfeiture must be willing, intelligent, and knowlingly. In this case, it is not because the Article 32 officer excluding time misleads to be a timely trial.

27 days should not be attributed to Petitioner because this period of delay was the result of other proceedings NOT concerning Petitioner. They were trials and training assigned by the military to his counsel[5]. Although not controlling, see Rutledge v. Wainwright, 625 F .2d 1200 at LEXIS *10, 198 US APP LEXIS 13993 (US Ct. App. 5th Cir.)(holding that delay should not be attributed to defendant

---

[4]    No notice was given to Petitioner, nor is there a **waiver form** consenting to waive his Article 10 right.

[5]    Petitioner was appointed military counsel.

merely because his counsel filed the continuance because period of delay was not the result of other proceedings concerning Petitioner).

Petitioner has attempted to argue the 120 day violation via habeas corpus. However, the Courts are unable to reach those merits claiming they lack authority.[6]

Military Courts-Martial and its rules are jurisdictional. Hence, failure to try Petitioner within 120 days is jurisdictional. Also as stated in RCM 707, the rules for exclusion of time must be followed. The statute made the time mandatory and jurisdictional. See Bowles v. Russell, 551 US 205, 127 S. Ct. 2360, 168 L. Ed. 2d 96 (2007).

Petitioner requests that any affected orders be nullified for failure to properly exclude time from the speedy trial clock.

## 2.

AS APPLIED TO PETITIONER, IS PETITIONER'S DISHONORABLE DISCHARGE EXECUTED WITHOUT JURISDICTION BY BEING PREMATURELY DONE DUE TO PETITIONER'S APPEALS NOT BEING CONCLUDED IN ACCORDANCE WITH ARTICLE 71 OF THE UNIFORM CODE OF MILITARY JUSTICE AND DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION?

Petitioner was discharged from service on April 2015. The Discharge was made via order from General Darryl W. Burke.

A military member tried via Courts-Martial cannot be discharged from service until completion of appellate review. See Article 71, and 76 of the Uniform Code of Military Justice, 10 USC §871 and §876.

Petitioner's military appeals are illegal (as shown in the next Federal Question 3). Petitioner's first appeal was conducted in violation of the Appointments Clause of the United States Constitution. This is undisputed. In 2014 another military appellate review was conducted again without jurisdiction because it was made after Petitioner requested Grant of Review to the Court of Appeals for the Armed Forces[7]. No party nor the court requested reconsideration

---

[6] Here lies the conundrum: If Petitioner's appeals are illegal or without jurisdiction, then he could never "exhaust" his claims. Petitioner is being procedurally barred from raising other claims **not** before this court.

[7] Although a court has an obligation to "satisfy itself" of jurisdiction, Petitioner's appellate decisions were conducted in 2013 and 2014 respectively. However, in **2016**, the military appellate courts concluded that they lack jurisdiction to act in the manner committed in Petitioner's case (allowing reconsideration after Petitioner requests Grant of Review to the Court of Appeals for the Armed Forces).

prior to Petitioner's request for Grant of Review which divested jurisdiction from the military court.

In accordance with United States v. Rodriguez, 67 MJ 110 (CAAF 2009) and Bowles v. Russell, the statute made the time mandatory and jurisdictional.

Petitioner's separation from service before receiving a legal appeal is illegal. Petitioner requests the dishonorable discharge order by General Burke be revoked/nullified so that Petitioner can Petition for an appropriate appellate review or habeas review within the military. This will also allow Petitioner the opportunity to complain about the conditions of confinement because as of now, Petitioner cannot submit complaints via Article 138, UCMJ (petitioner has been denied assistance for being discharged from the military).

### 3.

AS APPLIED TO PETITIONER, ARE PETITIONER'S APPELLATE REVIEWS ILLEGAL AND OR WITHOUT JURISDICTION IN VIOLATION OF ARTICLES 66, 67, 70, 71, AND 76 OF THE UNIFORM CODE OF MILITARY JUSTICE, IN VIOLATION OF COURT OF APPEALS RULES 19(b) AND 34, AND IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION?

In July 2013 the military appellate court, Air Force Court of Criminal Appeals (AFCCA) conducted a illegal review of his case in violation of the Appointments Clause of the Constitution due to the improper appointment of Judge Soybel. This is undisputed.

On 6 September 2013, Petitioner requested **GRANT OF REVIEW** to the Court of Appeals for the Armed Forces (CAAF). At that point, the AFCCA lost **JURISDICTION**. These are the Congressional mandatory jurisdictional rules.

Neither Government, Court, nor Petitioner requested reconsideration prior to Petitioner's GRANT OF REVIEW request. In fact, Petitioner NEVER requested reconsideration. Instead, due to "treating" Petitioner's old motion as reconsideration **MISLEADS** to be that Petitioner, instead of the government, requested reconsideration).

On 28 October 2013, past the jurisdictional time to do so, the Government requested an old motion (Petitioner's motion to vacate) be "treated" as a motion for reconsideration. In other words, the government via procedural rules requested to revive jurisdiction lost.

No remand order was made for the AFCCA to conduct the reconsideration (the AFCCA reconsidered in August 2014).

In 2016 three cases were decided by the military courts that conclude that after 60 days of a military appellate decision, the court, the government, nor

Petitioner can request reconsideration, and once a grant of review has been submitted, the AFCCA loses jurisdiction. In other words, the military courts admit that the process in Petitioner's case IS ILLEGAL AND WITHOUT JURISDICTION (moving for reconsideration after a motion for Grant of Review is made the AFCCA loses jurisdiction). The Cases state as follow:

> United States v. Williams, 75 MJ 244, 2016 CAAF LEXIS 331 (a motion for reconsideration will not extend the jurisdiction of the appellate courts-unless the motion is granted prior to the filing of a petition or certificate in the Court of Appeals of the Armed Forces...the government did not file until more than sixty days, accordingly it was not timely filed. CAAF R.19(b) and CAAF R.34);

> United States v. Dalmazzi, 76 MJ 1 at 2, 2016 CAAF LEXIS 996 (Before CCA ruled on motion to vacate, Appellant filed a petition for grant of review at the CAAF. As a result, the CCA dismissed the motion to vacate for lack of jurisdiction);

> United States v. LaBella, 75 MJ 52, CAAF LEXIS 1135 (CCA is not permitted to grant extension of time to file a motion for reconsideration after the expiration of the statutory period...the sixty-day statutory limitation is jurisdictional and mandatory).

As shown, Petitioner requested grant of review on 6 September 2013. At no time prior to this is there a reconsideration request by any party or the court. In accordance with the congressional jurisdictional rules, the AFCCA was divested of jurisdiction over Petitioner's case. The government's request to "treat" Petitioner's motion to vacate was past the 60 days jurisdictionally allowed and after Petitioner's request for Grant of Review[8]. Therefore, the military appellate reviews are illegal and without jurisdiction.

Petitioner does not argue the length of time it took to conduct the first appeal or the reconsideration[9]. Instead, Petitioner argues that the military court (AFCCA) could not conduct the appellate review after Petitioner requested Grant of Review to the CAAF.

At this stage, the military courts also lack jurisdiction because he has been separated from service, and, once that is done, the military court also lack jurisdiction over this case. Jurisdiction in the military courts is not indefinite.

---

8   Both Petitioner and the Government's time for filing request for reconsideration is dictated by CAAF Rules 19(b) and 34. What is good for the goose is good for the gander. These rules are jurisdictional.

9   On habeas in the 5th Circuit Petitioner's claim was construed this way over Petitioner's objection.

8

Petitioner requests an opportunity to test the legality of his detention by allowing Petitioner to submit any and all claims he wishes to present without any judge made doctrines, or judicial hurdles.

**4.**

AS APPLIED TO PETITIONER, WAS PETITIONER DEPRIVED OF HIS RIGHT TO A FULL AND FAIR APPELLATE REVIEW IN VIOLATION OF ARTICLES 66, 67, 70, 71, AND 76 OF THE UNIFORM CODE OF MILITARY JUSTICE? DID THIS VIOLATE HIS RIGHT TO TEST THE LEGALITY OF DETENTION IN VIOLATION OF THE UNITED STATES CONSTITUTION, 6TH AMENDMENT, DUE PROCESS?

As shown above, Petitioner's two appeals are illegal for first conducting an appeal in violation of the Appointments Clause and then conducting the reconsideration past the Congressional jurisdictional time without a remand.[10]

Every military appellant has a statutory and due process right to an appeal. Petitioner did not waive his appellate right.

In accordance with Articles 66, 67, 70, 71, and 76 of the Uniform Code of Military Justice (UCMJ), 10 USC §866, §867, §870, §871, and §876, an accused has a right to a full and fair appellate review. Therefore, because Petitioner's two appellate reviews are illegal, Petitioner never received this right to full and fair review. Further, even if his "reconsideration" was legal, it does not suffice to meet "full and fair" review as stated in Article 66, UCMJ, because military judges do not review cases "de novo" on reconsideration. In other words, Petitioner does not receive of a new review by a full panel of judges on reconsideration.

Petitioner neither received his right to appellate review in accordance with Articles 66, 67, 70, 71, and 76, nor an alternative review process.

Petitioner requests that this Court conduct the Military Speedy Appellate Review test stated in Diaz v. Judge Advocate General of the Navy, 59 MJ 34, 37–38 (CAAF 2002) and United States v. Tanner, 61 MJ 649 at 657–58. Petitioner has invoked his speedy appellate review clearly even before 2014, has been confined over 12 years without a legal appellate review due to military court's own failure to follow their own caselaw and Supreme Court case law which should be

---

10  On a remand, the AFCCA can only take action that conforms to the limitations and conditions prescribed by the remand. See Riley, 55 MJ 185 at 188 (CAAF 2001), citing United States v. Montesinos, 28 MJ 38, 44 (CMA 1989). As stated, there was no remand order for AFCCA to take action and conduct the 2014 "Reconsideration." Even if there was (there isn't), it would be based on the illegal request to "treat as reconsideration" past the Congressional time allowed to do so under CAAF Rules 19(b) and 34.

considered gross negligence, and the fact that witnesses have died and evidence no longer available for Petitioner's defense.

**5.**

AS APPLIED TO PETITIONER, DO THE FEDERAL COURTS HAVE AN OBLIGATION TO ENTERTAIN PETITIONER'S CONSTITUTIONAL CLAIMS VIA HABEAS CORPUS IF HE DID NOT RECEIVE A MEANINGFUL OPPORTUNITY TO TEST THE LEGALITY OF DETENTION IN VIOLATION OF THE SUSPENSION CLAUSE OF THE UNITED STATES CONSTITUTION? WAS PETITIONER DENIED HIS RIGHT?

Even if the AFCCA had proper jurisdiction to entertain Petitioner's appeals (they didn't), Petitioner has a right to seek a collateral attack in the Federal Courts because those courts are more suited to hear Constitutional arguments. Habeas Corpus is a **independent** process, not part of the appellate process. Further, when a military member convicted under the UCMJ raises Constitutional violations via habeas corpus, the military courts cannot entertain those claims (under habeas) because the Article III courts accoding to Congress (and military case-law) are the ones authorized to entertain habeas corpus.

Military Courts-Martials are <u>older</u> than the Constitution. When the Constitution was written it allowed review under habeas for "all cases..." The Constitution did not exclude military courts-martials from this (Article I, §9, cl.2 of the United States Constitution). Thus, habeas review for military members must be given as a RIGHT in the spirit of what the founders created in 1789. Congress has never enacted an alternative writ for military members to seek redress.

Petitioner has invoked that he is confined in violation under color of law and in violation of the United States Constitution. Does Petitioner have to "exhaust" prior to seeking habeas?

Further, if Petitioner has to exhaust, how can he/she exhaust if the military appellate courts lacked jurisdiction? In other words, if a military member's appeals are without jurisdiction, then addressing to those military courts the fact that they lack jurisdiction STILL leave any subsequent decision by the military without jurisdiction, causing a **CYCLICAL ABUSE** where the accused neither had an opportunity to have any claim legally reviewed by the appellate courts and without an opportunity to have claims heard via habeas corpus for non exhaustion?

Petitioner discovered the lack of jurisdiction after the military appellate reviews because the documents (motions submitted by the government and his appellate counsel) were not available to him during those proceedings. Either

way, as mentioned, it would be _futile_ to argue anything to a court that lacked jurisdiction over his case as any subsequent decision by those courts is without jurisdiction.

The Federal Courts (JUDICIAL BRANCH) have an obligation to ensure the military (Executive Branch) comply with the law. The military courts while judicial in appearance are executive in nature. This Court should review and ensure the military courts complied with the jurisdictional rules imposed by Congress rather than merely assuming or concluding that those courts "satisfied themselves of jurisdiction." The military court (AFCCA) after being divested of jurisdiction cannot "satisfy itself of jurisdiction" via the 2014 reconsideration because by that point jurisdiction was lost in order to "satisfy itself."

Petitioner requested GRANT OF REVIEW to the CAAF on 6 September 2013.[11] Once Petitioner requested Grant of Review, the AFCCA lost jurisdiction over the case.[12] The case was never remanded back to the AFCCA.[13] It is legally impossible for the AFCCA to satisfy itself of jurisdiction by conducting an illegal appeal without jurisdiction.

Further the Congressional statutes to habeas corpus require the Court to inquire into the legality of detention where the person in custody alleges that he is confined in violation of the Constitution or laws of the United States.

Petitioner's **DETENTION** has not been determined by a judge or court of the United States because his appeals are illegal. Instead, the courts have merely dismissed Petitioner's claims without reaching the merits by using "non-exhaustion" as bar to Petitioner's claims (ignoring and misconstruing, and avoiding the fact and evidence that those decisions are illegal).

---

[11] Petitioner cannot both seek reconsideration at the AFCCA and file for Grant of Review at the CAAF. Whichever is filed first is paramount. See United States v. Weeden, 3 USCMA 405, 12 CMR 161 (1953). No party or Court requested reconsideration before Petitioner's request of Grant of Review on 6 September 2013 making it first and paramount.

[12] AFCCA loses jurisdiction over the case and jurisdiction is thereby conferred on the CAAF upon submitting the Request for Grant of Review. See United States v. Riley, 58 MJ 305 at 312, n.3 (CAAF 2003).

[13] The AFCCA lost jurisdiction in 2013 when Petitioner requested Grant of Review to the CAAF. There is no remand back to AFCCA. So, HOW did AFCCA satisfy itself of jurisdiction in 2014?? The military court's jurisdiction only exists by the Statutes created by Congress.

Therefore, in accordance with §2244, there is no **prior determination** into the legality of Petitioner's detention and Petitioner has been denied the right to have his claims addressed[14].

The language of the statute is clear and leaves no room for doubt as to the intention of the legislature. Petitioner has a right to have his legality of detention determined by habeas corpus. Instead, courts have <u>avoided</u> reaching testing the legality of detention by refusing to do so, invoking that the claims have been submitted previously, although never actually reaching the merits at all.

### CONCLUSION

In sum, Petitioner's Due Process Rights have been violated. Petitioner has a right to fair notice and be given the opportunity to waive his Article 10 rights which preclude trial past 120 days by improperly excluding time from the speedy trial clock. The military trial court is without jurisdiction to try Petitioner past this statutory and jurisdictional time.

Petitioner's Due Process Right was also violated by providing two appellate reviews without jurisdiction. Petitioner has a statutory and Constitutional Right to an appellate review.

Petitioner's Due Process Right was also violated by prematurely executing his dishonorable discharge without completion of his appellate reviews (as those are without jurisdiction). Due to prematurely executing his discharge, Petitioner was also denied Due Process because after discharge the military courts lack jurisdiction to accept a habeas writ in which to argue the appellate court's lack of jurisdiction, his Article 138 conditions of confinement, and legality of detention on direct appeals.

INTENTIONALLY LEFT BLANK
CONTINUED ON NEXT PAGE

INTENTIONALLY LEFT BLANK
CONTINUED ON NEXT PAGE

INTENTIONALLY LEFT BLANK
CONTINUED ON NEXT PAGE

---

14  The merits of his claims have not been reached by any court on habeas, therefore in accordance with §2244, cannot be considered second or successive nor abuse of the writ because "the legality of such detention has **[NOT]** been determined by a judge or court of the United States..." See 28 USC §2244(a).

12

Petitioner's Due Process Right and Suspension Clause Protection was also violated because due to the illegal appeals considered a "complete appeal," the civilian court will not entertain Petitioner's habeas claims (not before this court) to test the legality of detention.[15]

Petitioner has no adequate alternative remedy to test the legality of his detention due to the illegal appeals and due to the premature execution of his discharge.[16] Petitioner has no adequate remedy to test the legality of his discharge because the execution occurs after the alleged completion of appeals (which are without jurisdiction) which the courts will not accept on habeas, and Petitioner has no adequate habeas review as those courts will not review the legality of detention of his claims (not brought before this court) until Petitioner "exhausts" in the military courts, causing a cyclical abuse.

These violations arise from the laws of the United States and the United States Constitution in violation of Articles 10, 58, 66, 67, 70, 71, and 76 of the Uniform Code of Military Justice, 10 USC §810, 858, 866, 867, 870, 871, and 876; Rules for Courts-Martial 707; Court of Appeals for the Armed Forces Rules 19(b) and 34; Article 138 of the UCMJ; 28 USC §2244; the 6th Amendment of the United States Constitution; and the Suspension Clause under Article I, §9, cl.2.

---

15  To make clear, Petitioner argues that he is being denied the opportunity to test the legality of detention on direct appeals due to the illegal appellate reviews, and then is also being denied the opportunity to test the legality of detention via habeas corpus because Petitioner is unable to "exhaust" his claims at the military courts which is causing an impossible obstacle to reach habeas in the civilian courts.

16  Interestingly and ironically, he is discharged from service, but is STILL subject to punishment in accordance with the UCMJ. For example, although discharged, he must still serve the military sentence until 2036 and be subject to Mandatory Supervised Release for any time that is deducted from the sentence for good conduct (GCT) or work abatements (military GCT and work abatements are converted as "flat time" that must still be served under supervision). Should he disobey an order he can be subject to UCMJ punishments for disobeying direct orders, dereliction of duty, etc., and be subject to another court-martial if he were to escape or commit a crime. The Federal Bureau of Prisons refuses to provide equal treatment and discipline in accordance with 10 USC §858 by not giving Petitioner First Step Act time credits for programming, no home confinement or halfway house because Petitioner IS a military member, and the military will not even acknowledge Petitioner because he is NO LONGER in the military. If Petitioner is no longer in the military, then, wouldn't he not be subject to the UCMJ anymore and thus, no longer have an obligation to serve out a military sentence? And if he is required to serve out the sentence, wouldn't the military still have an obligation to this service member? The FBOP can house Petitioner with enemy combatants (in violation of Article 12 of the UCMJ) because the FBOP does not acknowledge the UCMJ.

13

## RELIEF REQUESTED

Petitioner requests that this Court entertain this §1331 writ, revoke/dismiss/nullify the Convening Authority's Orders that caused the Court Martial without jurisdiction, dismiss/revoke/nullify the orders that executed the dishonorable discharge, and be given a **MEANINGFUL OPPORTUNITY** to test the legality of detention, an opportunity to invoke his Article 10, 6th Amendment Right, and a meaningful opportunity to complain about the conditions of confinement to the military. *Petitioner requests declaratory Judgment.*

Petitioner requests that this Court being the JUDICIAL branch ensure that the EXECUTIVE branch (military) complied with the laws of the United States.

Petitioner is **NOT** attempting to test the legality of detention, sentence or release from confinement via this forum, rather, Petitioner sues for his Statutory and Constitutional rights that were denied as requested, and have the illegal orders and decisions revoked/nullified/reversed.

## CERTIFICATE OF SERVICE

I hereby declare under penalty of perjury that the above and foregoing is true to th best of my knowledge, that I mailed a copy of this motion to the Court on this 28th day of March 2023 by dropping in the inmate dropbox first-class mail postage prepaid. 28 USC §1746. Signed,

Rafael Verdejo Ruiz
#17670-035

14