UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RAFAEL VERDEJO RUIZ | : | |
| | : | |
| v. | : | C.A. No. 23-00210-MSM |
| | : | |
| DARRYL W. BURKE, et al. | : | |

**REPORT AND RECOMMENDATION
FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

On May 17, 2023, Plaintiff filed a pro se Complaint and an Application to Proceed Without Prepayment of Fees including the $402.00 per case filing fee. (ECF Nos. 1, 2). Plaintiff's Application (ECF No. 2) filed pursuant to 28 U.S.C. § 1915 has been referred to me for determination. 28 U.S.C. § 636; LR Cv 72. Plaintiff is currently detained at the FCI Texarkana and submitted a copy of his prisoner trust fund account statement as required by 28 U.S.C. § 1915(a)(2). (ECF No. 3). If Plaintiff demonstrates an entitlement to in forma pauperis ("IFP") status, the Court will calculate the initial filing fee that must be paid before the case may proceed. However, because of the IFP application, this case is subject to preliminary screening under 28 U.S.C. § 1915(e)(2)(B). Accordingly, I am required to review the Complaint sua sponte and to dismiss if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED because it is "frivolous," and "fails to state a claim on which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B).

**Facts**

After a general court martial, Plaintiff was convicted of several offenses, including rape of a person between the ages of 12 and 16. Following conviction, he was dishonorably discharged from the United States Air Force in 2015. (ECF No. 11 in C.A. No. 22-cv-040-JRG (E.D. Tex. 2022)). Plaintiff was sentenced to confinement for twenty-five years and has sought to challenge his conviction and confinement via Habeas Corpus Petitions in his military case and by bringing claims in the Federal Court for the Eastern District of Texas. Id. at pp. 2-3. In 2021, the Fifth Circuit Court of Appeals affirmed the dismissal of his 28 U.S.C. § 2241 Petition, finding that the Petition was procedurally barred. Ruiz v. Edge, 842 F. Appx. 930 (5th Cir. 2021). He was turned away by the United States Supreme Court when he sought certiorari and when he sought to directly file his petition for habeas corpus. See Ruiz v. Edge, 142 S.Ct. 191, 211 (2021), In re Rafael Verdejo-Ruiz, 142 S.Ct. 875 (2022). Shortly thereafter, he returned to the Eastern District of Texas with a second, successive § 2241 Petition. The District Court dismissed his Petition with prejudice adopting the Report and Recommendation that found his Petition to be barred as a second or successive petition and an abuse of writ. (See ECF Nos. 40, 41 in C.A. No. 22-40).

In the present case, Plaintiff purports to bring a "§ 1331 writ as a Non-Bivens Claim" against Generals Darryl Burke and James Browne in their official capacities. He identifies General Browne as the officer that referred his charges to court martial. (ECF No. 1 at pp. 2, 4). He states that General Burke signed his discharge order. Id. at pp. 2, 6. Plaintiff identifies at least five specific "federal questions" related to his military court martial, appellate review and attempts at Habeas Corpus relief that he contends are unconstitutional. In short, he contends that he has "no adequate alternative remedy to test the legality of his detention…[or] his discharge." Id. at p. 13. He contends that his inability to challenge his detention and discharge is due to his

failure to exhaust his claims in military courts "causing a cyclical abuse."  Id.  As relief, he seeks to have this Court "revoke/dismiss/nullify" the court martial and his dishonorable discharge and "have the illegal orders and decisions revoked/nullified/reversed." [1]  Id. at p. 14.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity.  28 U.S.C. § 1915(e)(2)(B).  The standard for dismissal of an action filed in forma pauperis is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6).  See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002).  In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts."  Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996).  Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous."  28 U.S.C. § 1915(e)(2)(B)(i).  A claim "is frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

This Court is recommending that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaint as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976).  In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant.  See Haines v.

---

[1] Although Plaintiff asserts that he is not attempting to test the legality of his detention in this District (ECF No. 1 at p. 14), his claims are clearly an impermissible attempt to collaterally attack his court martial and resulting confinement.  As previously determined in the Eastern District of Texas action (C.A. No. 22-cv-040-JRG), his current action is clearly another abuse of writ.

Kerner, 404 U.S. 519, 520-521 (1972).  However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required because even when afforded a liberal construction, the Complaint fails to state a claim and is frivolous.  Accordingly, I recommend Plaintiff's Complaint be DISMISSED for the following reasons.

Plaintiff has sued two Generals of the United States Air Force in their official capacities. Because he seeks to bring claims against these officers for actions they undertook in their official capacities, the doctrine of sovereign immunity is implicated.  "It is beyond cavil that, as the sovereign, the United States is immune from suit without its consent."  Muirhead v. Mecham, 427 F.3d 14, 17 (1st Cir. 2005).  Plaintiff has not alleged a statutory waiver of sovereign immunity or a basis for concluding that the United States has consented to be sued in this action, thus Plaintiff's claims are barred by sovereign immunity, and this Court lacks subject matter jurisdiction to entertain this suit.  See United States v. Mitchell, 445 U.S. 535, 538 (1980).  In the absence of subject matter jurisdiction, his Complaint must be dismissed.

Plaintiff's Complaint also fails to contain any allegations as to why this District is the proper venue or location to pursue these claims.  Even if the Court did have jurisdiction, as Plaintiff alleges, venue would not be proper in this District.  Under 28 U.S.C. § 1391(b), a case must be brought in the District where (1) the defendant resides; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) the defendant is subject to personal jurisdiction if there is no District where the case can otherwise be brought.  Here, this case has no connection to Rhode Island, and Plaintiff has not alleged any events related to his claims took place in this District.  Finally, he has not alleged, and it does not reasonably appear from Plaintiff's Complaint and the nature of the Defendants sued, that either of them has sufficient contacts to this District to support personal jurisdiction.  Accordingly, the Complaint must be

dismissed for the additional reason that venue is improper. Due to the insufficiencies identified, I conclude that Plaintiff's Complaint is frivolous and recommend that it be DISMISSED as to all Defendants.

**Conclusion**

For the reasons stated, Plaintiff's Application to Proceed Without Prepayment of Fees (ECF No. 2) is DENIED without prejudice. Further, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), I further recommend that Plaintiff's Complaint (ECF No. 1) be DISMISSED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 9, 2023